IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **MARTHA STOOKSBURY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **ASSET ACCEPTANCE, LLC, AND** | ) |
| **FULTON, FRIEDMAN & GULLACE,** | ) **Jury Trial Demanded** |
| **LLP** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Martha Stooksbury (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance, LLC ("Defendant Asset") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that maintains CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

6. Defendant Fulton, Friedman & Gullace, LLP ("Defendant Fulton") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that maintains Steven F. Glaser, 125 S. Water Ave., Gallatin, TN 39066-2902 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

7. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely, a debt alleged to be originally owed to or serviced by Chase Bank that was transferred to Defendants after default, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

8. Defendant Asset is engaged in the business of purchasing defaulted consumer debts and attempting to collect them from consumers.

9. Defendant Fulton is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

10. Defendant Asset hired Defendant Fulton to sue Plaintiff in an attempt to collect the debt.

### *Collection Lawsuit*

11. Within one year prior to the filing of this Complaint On, on or about October 15, 2012, Defendants had Plaintiff served with a copy of a civil summons and sworn affidavit that had been filed in state court in connection with collection of a debt and in an attempt to collect a debt (collectively "collection lawsuit"). The civil summons and sworn affidavit are each a "communication" as defined by 15 U.S.C. § 1692a(2). **[Doc. 1-1].**

### *Failure To Include § 1692e(11) Language In Subsequent Communications*

12. The FDCPA states: "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

13. Both the civil summons and the sworn affidavit are subsequent communications that are not formal pleadings made in connection with a legal action, and each failed to disclose the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

### *Failure to Comply With Pre-Assignment Requirements of*
### *Tennessee Collection Service Act - Defendant Asset*

14. Defendant Asset holds a valid collection service license under the Tennessee Collection Service Act ("TCSA"). **[Doc. 1-2].**

15. The TCSA states, in pertinent part, that "[a] collection service holding a valid license under this chapter may take assignment of accounts, bills, notes or other indebtedness held by another person or entity, **for the purpose of billing, collecting or filing suit in the collection service licensee's own name**, as the real party in interest, **if all the following requirements have been met**:

    (1) "The assignment was voluntary, properly executed, and acknowledged by the person or entity making the assignment to the collection service licensee;

    (2) The original agreement between the creditor and the debtor does not prohibit assignments; [and]

    (3) The assignment was manifested by a written agreement stating the effective date of the assignment and the consideration paid or given, if any, for the assignment." (emphasis added)

    **Tenn. Code Ann. §§ 62-20-127(a)(1)-(3).**

16. On information and belief, Defendant Asset failed to comply with the pre-assignment requirements of the TCSA prior to filing and serving the collection lawsuit,

17. By filing the state court collection lawsuit with Defendant Asset as the real party in interest prior to it complying with the pre-assignment requirements, Defendants threatened and actually took deceptive, misleading and unfair action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

*Summary*

18. The above-detailed conduct in connection with collection of the debt was conduct by Defendants in violation of multiple FDCPA provisions, including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

19. In addition to its individual liability under the FDCPA, the acts and omissions of Defendant Fulton who communicated with Plaintiff as described herein as agent for Defendant Asset, were committed within the time and space limits of its agency relationship with its principal, Defendant Asset.

20. Defendant Fulton's acts and omissions were incidental to, or of the same general nature as, the responsibilities Defendant Asset authorized it to perform in collecting the debt.

21. By committing these acts and omissions against Plaintiff, Defendant Fulton was motivated to benefit its principal, Defendant Asset.

22. Defendant Asset is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Asset including, but not limited to violations of the FDCPA, in the attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

24. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

25. Defendants' foregoing acts and omissions constitute multiple FDCPA violations with respect to Plaintiff including, but not limited to each of the above-cited provisions.

26. As a result of Defendants' violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

10/07/13                                     Respectfully submitted,

**MARTHA STOOKSBURY**

/s/     Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
alee@tndebtdefense.com